# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GYLES G. WILSON<br>    Plaintiff,<br><br>v.<br><br>GRAYBAR ELECTRIC COMPANY<br>INC., et al.<br>    Defendants. | CIVIL ACTION<br><br>NO. 17-3701 |

## MEMORANDUM RE: MOTION TO DISMISS

**Baylson, J.**                                                                                   **March 26 , 2018**

### I.   Introduction

Plaintiff Gyles Wilson, a resident of Middletown, Delaware, asserts that he was wrongfully terminated from his position as a warehouse supervisor at Graybar Electric Company, Inc. by his former supervisor, James O'Kane, on the basis of age, disability, race, and national origin and in retaliation for seeking worker's compensation for a workplace injury. Graybar, a Philadelphia, Pennsylvania company, and James O'Kane, a resident of Glenolden, Pennsylvania, move to dismiss counts two, five, seven, and ten pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Presently before the Court is Defendant's Motion to Dismiss Mr. Wilson's claims due to a failure to exhaust administrative remedies and availability of statutory relief baring common law claims. For the reasons that follow, Defendant's motion is denied.

### II.   Background

The following facts are taken as true from Plaintiff's complaint. Plaintiff Gyles Wilson, a 55-year-old black man of Jamaican decent, spent 23 years working for Defendant Graybar at their Philadelphia location. (2d Am. Compl. ¶ 5, ECF 21). In those 23 years, Wilson had never

received a written reprimand. Id. ¶ 17. On November 11, 2015, Wilson suffered a work-related injury. Id. ¶ 18. Wilson utilized worker's compensation to pay for physical therapy and related medical expenses. Id. ¶ 19. Wilson was certified as able to return to work on February 16, 2016 and did return to work the following Monday February 22, 2016. Id. ¶ 20.

Wilson returned to the same position as warehouse supervisor he left, but states that his supervisor, James O'Kane, was overly harsh in his criticism and required Wilson to perform tasks outside of his job description despite Wilson's request for accommodation. Id. ¶¶ 20-22. James O'Kane is described as white and younger than Wilson. Id. ¶¶ 21.

On August 15, 2016, Wilson was diagnosed with prostate cancer. Id. ¶ 23. He notified his employer of his diagnosis and then again later when he found out he would have to take a medical leave for surgery. Id. ¶ 24. However, when Wilson requested the twelve weeks of leave he was anticipated to require to recover from the surgery, he was denied and ultimately only given eight weeks. Id. ¶¶ 24-26. Wilson required two additional surgeries due to medical complications, but still returned within his allotted 8 weeks on October 3, 2016. Id. ¶¶ 25-26. Upon his return from surgery, Wilson again was subject to harsh criticism and tasks outside his job description despite his requested accommodation. Id. ¶ 28.

On November 7, 2016, Wilson was called in to O'Kane's office and where his employment was terminated. Id. ¶ 29. Wilson was not told an official reason for his firing from O'Kane at the meeting. Id. ¶ 30. The reason given to other people for Wilson's firing is that he delayed in reporting damage to a truck in the warehouse he was supervising. Id. ¶ 31. Wilson states that he discovered the damage at 4:00am and promptly reported it. He did report it when he arrived at the facility at 8:00am. Id. ¶ 32. Wilson asserts that his firing without any notice was

due to his age, disability, race, national origin and in retaliation for his use of worker's compensation and medical leave. Id. ¶ 29.

During Wilson's time at Graybar, older employees ceased to be promoted once O'Kane became supervisor. Id. ¶ 39. Wilson was told that he was not the "type" to be a manager by O'Kane, which he understood to be an overt racial comment. Id. ¶¶ 41-42. There were three other black employees at Graybar's Philadelphia location at the time of Wilson's firing and two were fired soon after and the third quit in January 2017. Id. ¶ 43.

**III.    Procedural History**

On August 7, 2017 Plaintiff filed this action in the United States District Court for the Eastern District of Pennsylvania. (Compl., ECF 1). The second amended complaint was filed on January 9, 2018. (2d Am. Compl., ECF 21). The ten counts of the second amended complaint are:

I) Discrimination Due to Actual or Perceived Disability and Failure to Provide Reasonable Accommodation, Americans with Disabilities Act 42 U.S.C. § 12101 et seq.

II) Discrimination Due to Actual or Perceived Disability and Failure to Provide Reasonable Accommodation, Pennsylvania Human Relations Act 43 P.S. § 951 et seq.

III) Workers Compensation Retaliation (Public Policy), Pennsylvania Human Relations Act 43 P.S. § 951 et seq.

IV) Discrimination Due to Race, Color, and National Origin, Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e et seq.

V) Discrimination Due to Race, Color, and National Origin, Pennsylvania Human Relations Act 43 P.S. § 951 et seq.

VI) Discrimination Due to Age, Age Discrimination in Employment Act 29 U.S.C. § 621 et seq.

VII)    Discrimination Due to Age, Pennsylvania Human Relations Act 43 P.S. § 951 et seq.

VIII) Retaliation, Family Medical Leave Act 29 U.S.C. §2601 et seq.

IX) Interference, Family Medical Leave Act 29 U.S.C. §2601 et seq.

X) Wrongful Discharge of Employment. Id.

On January 23, 2017, Defendants filed a motion to partially dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Mot. to Dismiss, ECF 22). Defendants assert that counts two, five, and eight must be dismissed because Plaintiff has failed to exhaust all of his administrative remedies, specifically those in the Pennsylvania Human Relations Commission. Id. at 2. Defendant also asserts count ten must be dismissed as it is a common law claim that should be precluded by the availability of a statutory remedy. Id.

Plaintiff filed a response in opposition to Defendant's motion to dismiss on February 5, 2018. (ECF 23).

Defendant filed a reply to Plaintiff's response on February 12, 2018. (ECF 24).

**IV. Legal Standard**

In considering a motion to dismiss under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). However, the Court in Iqbal does explain that while factual allegations must be treated as true, legal conclusions do not. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555).

A complaint may be dismissed under Rule 12(b)(6) for failure to exhaust administrative remedies if the plaintiff does not submit a complaint to the EEOC or relevant state agency and obtain a right-to-sue letter, because both actions are prerequisites to filing suit under Title VII. Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997).

V. Analysis

    A. Administrative Exhaustion

Defendants argue that the failure to exhaust administrative remedies serves as a total bar from judicial relief as to counts two, five, and seven. (Mot. to Dismiss at 4, ECF 22). The PHRA should have one year to begin its proceedings, they assert, before a complaint is filed in this court in regards to any of those three counts. Id.

To present a cognizable PHRA claim, a plaintiff must first exhaust all remedies available under the PHRA. 43 Pa. C.S.A.§ 962(c)(1). Claims brought under the Pennsylvania Human Relations Act were intended by the Pennsylvania state legislature to be under the exclusive jurisdiction of the Pennsylvania Human Relations Commission for a period of one year after filing. Clay v. Advanced Computer Applications, 559 A.2d 917, 919-20 (Pa. 1989); Esmonde v. TV Guide Magazine, Inc., 980 F.2d 722 (3d Cir. 1992). However, in the absence of bad faith by the Plaintiff, "courts in this Circuit have adopted a flexible approach to PHRA exhaustion by permitting plaintiffs to maintain PHRA claims if the one-year deadline expires during court proceedings. 'Rather than dismiss[ing][a] plaintiff's claim on a curable, technical defect,' these courts 'allow [the PHRC] claim to be decided on the merits.'" Wardlaw v. City of Philadelphia, 2011 WL 1044936 (E.D.Pa. 2011) (quoting Violanti v. Emery Worldwide A-CF Co., 847 F. Supp. 1251, 1258 (M.D.Pa. 1994)).

Wilson's filing with the PHRC of his PHRA claims was done on February 24, 2017. (2d

Am. Compl. ¶ 3, ECF 21). At the time of the filing of Wilson's filing of his initial complaint, August 17, 2017, one year had not passed from the time he filed with the PHRC. (ECF 1). Additionally, Defendants' motion to dismiss was filed before this one-year period had passed. (ECF 22). However, this Court will adopt the flexible approach to PHRA exhaustion as other courts in this circuit have done. In the absence of bad faith, time may act as a curable factor for this defect. The one-year time frame from Wilson's filing with the PHRC has passed while this matter has been ongoing before this court. There is no evidence of bad faith on the part of the Wilson and the passage of time has already cured this defect of the claim.

Accordingly, the motion to dismiss will be denied in regards to counts two, five, and seven.

### B. Public Policy

Defendants argue that the existence of a statutory remedy under the PHRA for a common law-based claim should preempt that common law claim. (Mot. to Dismiss at 7, ECF 22). Defendants argue that count ten should be dismissed as a statutory remedy would be more appropriate for that issue. Id. Wilson has alleged that Defendants discriminated against him because of his age, race, and disability and retaliated against him for his use of medical leave. (2d Am. Compl. ¶ 29, ECF 21).

A cause of action may be brought under Pennsylvania law for wrongful termination of an at-will employee "where the employment termination abridges a significant and recognized public policy." Novosel v. Nationwide Ins. Co., 721 F.2d 894, 898 (3d Cir. 1983). Several courts in Pennsylvania and this Circuit have held that these public policy arguments are available but only where no statutory remedy is available. Here, a statutory remedy appears to be available under the PHRA for 3 of the 4 elements of Count X. A "clearly mandated public policy" is one

that "strikes at the heart of a citizen's social right, duties and responsibilities." Novosel, 721 F.2d at 898 (quoting Palmateer v. International Harvester Co., 85 Ill.2d 124 (1981)). However, Defendants' motion to dismiss challenges the PHRA counts.

The use of discriminatory factors to influence the termination of an at-will employee and retaliation for the use of medical leave are both against public policy. To be protected from this type of discriminatory and retaliatory action "strikes at the heart of a citizen's social rights." Novosel, 721 F.2d at 898 (quoting Palmateer v. International Harvester Co., 85 Ill.2d 124 (1981)). Worker's compensation and medical leave are statutorily provided for workers across the state of Pennsylvania. It is a clear violation of public policy for a citizen of Pennsylvania to be retaliated against for their use of a statutory right. Defendants have even recognized in their response that a common law claim for wrongful discharge in violation of public policy in connection with exercise of worker's compensation rights exists. It is also a clear violation of public policy for racial, age, or discrimination on any form of protected class status should determine a hiring or firing decision of an employer.

Accordingly, the motion to dismiss will be denied in regards to count ten in view of the fact that the Defendants have challenged the propriety of Plaintiff's PHRA counts. However, if clear precedent warrants dismissal of Count X prior to trial, the Court will consider doing so.

**VI. Conclusion**

Defendant's motion to dismiss (ECF 22) is hereby **DENIED**. An appropriate order follows.