# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GYLES G. WILSON,**<br><br>v.<br><br>**GRAYBAR ELECTRIC COMPANY INC.,** et al. | **CIVIL ACTION**<br><br><br>**NO. 17-3701** |

## MEMORANDUM RE: MOTIONS FOR RECONSIDERATION

**Baylson, J.**                                                                                                    **May 9, 2019**

### I.    Introduction and Procedural History

The factual background and procedural history of this case were set out in detail in the Court's summary judgment Opinion dated March 15, 2019 (ECF 57, "March 15 Opinion").[1] On March 15, 2019, this Court granted in part and denied in part the Motion for Summary Judgment on the Second Amended Complaint filed by Defendants Graybar Electric Company, Inc. ("Graybar") and James O'Kane on March 15, 2019. The Court issued this Opinion after reviewing Defendants' Motion for Summary Judgment (ECF 35), Plaintiff's Response (ECF 39), Defendants' Reply (ECF 44), Plaintiff's Sur-Reply (ECF 53), conducting an hour-long oral argument (ECF 55), and considering the parties' letters submitted in support of their positions (ECF 56). The Second Amended Complaint alleged ten Counts:

1. **Count I**: Discrimination due to actual or perceived disability and failure to accommodate under the Americans with Disabilities Act ("ADA") against Defendant Graybar;

2. **Count II**: Discrimination due to actual or perceived disability and failure to accommodate under the Pennsylvania Human Rights Act ("PHRA") against both Defendants;

---

[1] The March 15 Opinion is available at 2019 WL 1229778.

3. **Count III**: Workers' compensation retaliation under the PHRA against both Defendants;

4. **Count IV**: Discrimination due to race, color, and national origin under Title VII against Defendant Graybar;

5. **Count V**: Discrimination due to race, color, and national origin under the PHRA against both Defendants;

6. **Count VI**: Discrimination under the Age Discrimination in Employment Act ("ADEA") against Defendant Graybar;

7. **Count VII**: Discrimination due to age under the PHRA against both Defendants;

8. **Count VIII**: Retaliation under the Family and Medical Leave Act ("FMLA") against both Defendants;

9. **Count IX**: Interference under the FMLA against both Defendants; and

10. **Count X**: Wrongful discharge of employment against both Defendants.

In the March 15 Opinion, the Court acknowledged that Plaintiff had withdrawn Counts IV, V, and IX–the race, color, and national origin discrimination claims under Title VII and the PHRA and the FMLA interference claim–in the Response to the Motion for Summary Judgment. 2019 WL 1229778, at *9. The Court granted summary judgment on all but two claims–the ADA discrimination claim based on disparate treatment arising from Plaintiff's cancer diagnosis (Count I) and the FMLA retaliation claim (Count VIII).

As to Plaintiff's ADA claim, the Court concluded, based on its review of the record, briefing, and oral argument:

> Regarding his cancer diagnosis, Plaintiff argues that his prostate cancer was a disability when he was terminated in November 2016 even though it was in remission as of October 2016. (Resp. at 16–17.) In the Response, Plaintiff contends that because his cancer was considered "active" at the time of his termination, "the aforementioned symptoms substantially limit major life activities (e.g., impairment of [Plaintiff's] bladder and reproductive functions and normal cell growth)." (Id. at 17.) During oral argument, Plaintiff stated that he testified about his cancer diagnosis and resulting hospital stay. The Court concludes that facts relating to whether Plaintiff's cancer is a disability under the ADA are in dispute and the

sufficiency of inferences from Plaintiff's briefing and testimony are best decided by a jury at trial. Because there are genuine issues of material fact concerning Plaintiff's prima facie case, the Court need not address the remaining steps of the McDonnell Douglas framework.

2019 WL 1229778, at *12. In a footnote, the Court stated that it "d[id] not address pretext in ruling on the Motion for Summary Judgment." Id. at *12 n.12. However, the Court noted that "the record reflect[ed] a factual dispute over why Plaintiff was terminated." Id. Specifically, the Court stated:

> Cook testified that Plaintiff was terminated after Step Two in Graybar's progressive discipline process; that is, before Plaintiff received a second Written Notice. (Cook Tr. at 65:19–22.) Cook stated that a second Written Notice had been completed and was ready to be issued to Plaintiff prior to his termination, but that Cook changed her mind in light of the November 4 incident and decided to terminate Plaintiff rather than provide him with that final Written Notice. (Id. at 65:23–66:9.) The reasonable inference is that the second Written Notice was written and completed before the November 4 incident. However, the second Written Notice includes a description of the November 4 incident, indicating that it was drafted after the incident. (O'Kane Tr. Ex. 31.) . . . While there is no dispute that Plaintiff testified that he violated Graybar's procedures in connection with the November 4 incident, a reasonable jury could conclude that Plaintiff's termination was motivated by discriminatory animus.

Id. The Court invited the parties to submit proposed jury instructions "regarding the inconsistency between the draft Written Notice and Cook's testimony." Id.

Regarding Plaintiff's FMLA retaliation claim, the Court noted several disputed facts, such as whether the parties viewed Plaintiff's first leave of absence as FMLA leave. Id. at *21–22. As a result, the Court stated:

> In light of these disputed facts, the Court cannot conclude, as a matter of law, that Plaintiff invoked his right to FMLA-qualifying leave when he requested and took leave in August 2016. Because there are genuine disputes of material fact concerning the first element of Plaintiff's prima facie case, the Court need not discuss the remaining elements or the subsequent steps of the burden-shifting framework. Summary judgment will be denied on Plaintiff's FMLA retaliation claim.

Id. at *22.

Presently before this Court are cross-Motions for Reconsideration of this Court's March 15 Opinion and accompanying Order (ECF 58). On March 28, 2019, Defendants filed a Motion for Reconsideration of the Court's denial of summary judgment on the ADA discrimination and FMLA retaliation claims–Counts I and VIII–pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 7.1(g) (ECF 59, "Defs. Mot."), and Plaintiff filed a Response on April 11, 2019 (ECF 61, "Pl. Resp."). On March 29, 2019, Plaintiff filed a Partial Motion for Reconsideration of the Court's grant of summary judgment on Plaintiff's age discrimination claims–Counts VI and VII– which was filed on March 29, 2019 (ECF 60, "Pl. Mot."), and Defendants filed a Response on April 12, 2019 (ECF 62, "Defs. Resp."). For the reasons discussed below, both Motions for Reconsideration are DENIED.

## II. Legal Standard

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Rule 7.1(g). Mallory v. S&S Publishers, No. 14-5702, 2017 WL 4475960, at *1 n.1 (E.D. Pa. July 6, 2017) (Slomsky, J.) (citing United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003)). "The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 66, 677 (3d Cir. 1999)).

Accordingly, "[d]isagreement with the Court's ruling is not proper grounds for a motion for reconsideration." Smith v. Unilife Corp., No. 13-5101, 2015 WL 115581, at *1 (E.D. Pa. Jan. 7, 2015) (Baylson, J.). Further, a motion for reconsideration "is not to be used to give a litigant a 'second bite at the apple,' nor may it be used to rehash arguments which have already been briefed by the parties and considered and decided by the court." Johnson v. BB & T Corp.,

No. 17-CV-4490, 2018 WL 1518618, at *2 (E.D. Pa. Mar. 28, 2018) (Joyner, J.) (quoting Bhatnagar v. Surrendra Overseas, Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995)).

Rather, "[a] judgment may be altered under Rule 59(e) if the party seeking reconsideration shows at least one of the following: '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" In re Vehicle Carrier Servs. Antitrust Litig., 846 F.3d 71, 87 (3d Cir. 2017) (quoting Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010)). "Because federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly." Douris v. Schweiker, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002) (Baylson, J.) (citation and internal quotation marks omitted); see also Johnson, 2018 WL 1518618, at *2 (citations and internal quotation marks omitted) ("Third Circuit law is fairly clear that [m]otions for reconsideration under Fed. R. Civ. P. 59(e) . . . are to be granted sparingly because of the interests in finality and conservation of scarce judicial resources.").

### III. Discussion

#### A. Parties' Contentions

##### i. Defendants' Motion for Reconsideration

Defendants first seek two orders from the Court: (1) an Order dismissing Counts IV, V, and IX of the Second Amended Complaint–the claims that Plaintiff has voluntarily withdrawn– pursuant to Federal Rules of Civil Procedure 15 or 41; and (2) an Order granting Defendants leave to file a letter in support of the Motion for Summary Judgment, which Defendants submitted to the Court but did not file, as the Court noted in its March 15 Opinion. (Defs. Mot. at 2); 2019 WL

5

1229778, at *9 n.8 (noting that Defendants' letter in support of the Motion for Summary Judgment does not appear on the docket).

Next, Defendants argue that the Court erred in denying summary judgment on the Plaintiff's ADA discrimination and FMLA retaliation claims based only on factual disputes regarding Plaintiff's prima facie case, the first step of the burden-shifting framework set forth in McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973). (Defs. Mot. at 5–7.)

Defendants contend that the Court was required to continue its analyses and determine whether Graybar provided a legitimate, non-discriminatory reason for terminating Plaintiff's employment, as well as whether Plaintiff met his burden of demonstrating that Graybar's proffered reason for his termination was pretext for disability discrimination and FMLA retaliation. (Id. at 8.) Defendants contend that Graybar demonstrated a legitimate, non-discriminatory reason for Plaintiff's termination, which the Court found sufficient to grant summary judgment on Plaintiff's age discrimination claims. (Id.) As a result, if the Court had conducted a fulsome analysis under McDonnell-Douglas, Defendants aver, this Court would have granted summary judgment on Plaintiff's ADA discrimination and FMLA retaliation claims. (Id. at 5–9.)

As to the footnote in the March 15 Opinion recognizing apparent inconsistencies as to when the second Written Notice was written and completed, Defendants argue that "[b]ecause these facts were not disputed by the parties (or raised at all by Plaintiff as purported evidence of pretext), the Court did not have a full view of the relevant facts regarding this issue" when judgment was entered. (Id. at 7.) Defendants reference Exhibit 27 to O'Kane's deposition testimony, which Defendants had not previously submitted to the Court, demonstrating that there is no inconsistency in the reasons for Plaintiff's termination, and that therefore, Graybar's proffered reason for terminating Plaintiff was not pretextual. (Id. at 7–8; id. Ex A, O'Kane Tr. Ex. 27.)

6

In the Response, Plaintiff argues that Exhibit 27 to O'Kane's deposition is not newly discovered evidence, and therefore, this document cannot support Defendants' Motion for Reconsideration. (Pl. Resp. at 5–6[2].) Alternatively, Plaintiff contends that Plaintiff met his burden with regard to pretext, and that the Court's denial of summary judgment was appropriately based on a number of factual disputes regarding Defendants' motivations for terminating Plaintiff's employment. (Id. at 6–8.) Further, Plaintiff argues that beyond the evidence referenced by the Court in the March 15 Opinion, Plaintiff presented "ample evidence" in the record demonstrating that Graybar's reason for his termination was pretextual. (Id. at 8–9.)

### ii. Plaintiff's Motion for Partial Reconsideration

Plaintiff argues that the Motion for Partial Reconsideration should be granted because Defendants were not entitled to summary judgment on Plaintiff's age discrimination claims under the ADEA and PHRA. (Pl. Mot. at 3–4[3].) Plaintiff contends that the Court failed to acknowledge all facts in Plaintiff's favor when assessing his age discrimination claims. (Id. at 5.) According to Plaintiff, because the Court stated that the record reflected factual disputes over the reasons for Plaintiff's termination when addressing Plaintiff's disability discrimination claim, the same factual disputes precluded summary judgment on Plaintiff's age discrimination claims. (Id.) (quoting 2019 WL 1229778, at *12 n.12.) For example, as Plaintiff argued in his Response to the Motion for Summary Judgment, Cook could not state the reasons for Plaintiff's termination during her deposition and, as a result, a jury could reasonably conclude that Graybar's reason for terminating Plaintiff was pretext for age discrimination. (Pl. Mot. at 6) (citing Cook Tr. at 74; Cook Tr. Ex. 1 ¶ 8.3.3, Graybar Corrective Action Process.) Further,

---

[2] Because Plaintiff's Response does not include page numbers, the Court refers to the page numbers of the ECF filing.
[3] Because Plaintiff's Motion for Partial Reconsideration does not include page numbers, the Court refers to the page numbers of the ECF filing.

Plaintiff contends that this Court "expressly recognized" at oral argument "that employee concerns such as [Plaintiff's] back injury, workers' compensation claim, prostate cancer, and need for medical leaves are often looked upon as hallmarks of age." (Pl. Mot. at 6.)[4]

Defendants argue in the Response that Plaintiff's Motion should be denied because Plaintiff is seeking to re-argue matters already decided by this Court. (Defs. Resp. at 3, 6–7.) Further, Defendants contend that the inconsistency the Court noted when denying summary judgment on Plaintiff's ADA claim "was never an issue, let alone a genuine or material one." (Id. at 4.) Rather, Defendants argue that the Court recognized a "minor gap in the factual record, due in no small part to the fact that Plaintiff never raised any alleged inconsistency between the [second] Written Notice and testimony as evidence of pretext." (Id.)

### B. Analysis

#### i. Defendants' Motion for Reconsideration

##### 1. Dismissal of Voluntarily Withdrawn Claims–Counts IV, V, and IX

As noted above, Defendants first seek to clarify that the claims that Plaintiff withdrew in the Response to the Motion for Summary Judgment–Counts IV, V, and IX–are dismissed with prejudice pursuant to Federal Rule of Civil Procedure 15 or 41. Defendants do not cite any authority suggesting that a plaintiff must file a motion pursuant to Rules 15 or 41 to withdraw claims in response to a motion for summary judgment. Notwithstanding, to the extent that there was any confusion in interpreting the March 15 Opinion, the Court dismisses Counts IV, V, and IX of the Second Amended Complaint with prejudice.

---

[4] The parties did not order a transcript of the oral argument.

### 2. Denial of Summary Judgment Based on Prima Facie Case–Counts I and VIII

Next, Defendants argue that the Court made clear errors of law and fact by denying summary judgment on Plaintiff's ADA discrimination and FMLA retaliation claims–Counts I and VIII–because there were triable issues of fact at the first step of the <u>McDonnell-Douglas</u> burden-shifting framework: the prima facie case. Specifically, Defendants argue that the Court erroneously denied summary judgment on these claims without assessing whether Plaintiff met its burden as to pretext. As Plaintiff's failure to demonstrate pretext warranted dismissal of Plaintiff's age discrimination claims, Defendants argue that had the Court conducted a pretext analysis, summary judgment would have been granted on Plaintiff's ADA discrimination and FMLA retaliation claims. The Court concludes that Defendants have failed to present "new evidence" or demonstrate "the need to correct a clear error of law or fact" or "to prevent manifest injustice," as required to disrupt the Court's denial of summary judgment on these two claims. <u>See</u> <u>In re Vehicle Carrier Servs. Antitrust Litig.</u>, 846 F.3d at 87.

In support of their position, Defendants have not cited any precedential judicial authority suggesting that where a district court concludes that there are genuine disputes of material fact as to a plaintiff's prima facie case of discrimination or retaliation, the court must address the remaining steps of the <u>McDonnell-Douglas</u> framework. In other words, the cases Defendants now cite do not persuade the Court that the denial of summary judgment as to Plaintiff's ADA discrimination and FMLA retaliation claims amounted to "clear error of law." <u>See</u> <u>id.</u>

The Third Circuit opinions that Defendants cite are factually inapposite and only stand for the proposition that when a plaintiff has established a prima facie case of discrimination, a court must determine whether there is evidence of pretext before granting summary judgment.

See, e.g., Burton v. Teleflex Inc., 707 F.3d 417, 427–28 (3d Cir. 2013) (vacating grant of summary judgment on the plaintiff's age and gender discrimination claims where the district court presumed that the plaintiff stated a prima facie case of discrimination, but concluded that there were no disputed facts as to whether the plaintiff resigned or was terminated, which improperly impacted the district court's pretext analysis); Williams v. Fed. Bureau of Prisons & Parole Comm'n, 85 F. App'x 299, 304–06 (3d Cir. 2004) (non-precedential) (remanding district court grant of summary judgment on the plaintiff's employment discrimination claim where it was undisputed that the plaintiff established a prima facie case of discrimination, but the district court failed to examine the defendants' proffered explanations of why the plaintiff was promoted to determine if they were pretext for discrimination).

Unlike in Burton and Williams, which involved district court decisions granting summary judgment after concluding that the plaintiffs established prima facie cases of discrimination, in the instant case, there were genuine disputes of material fact central to Plaintiff's ability to establish a prima facie case of disability discrimination and FMLA retaliation. These factual disputes precluded the Court from granting summary judgment on these claims.

Defendants' reliance on Emmell v. Phoenixville Hospital Co., 16-3787, 2018 WL 3727765 (E.D. Pa. Aug. 6, 2018) (Stengel, J.), is similarly misplaced. In Emmell, Judge Stengel granted the defendant's motion for reconsideration of the court's denial of summary judgment as to the plaintiff's retaliation claims under the ADA and PHRA because the court did not conduct an analysis of pretext. Id. at *5–6. Judge Stengel noted that in the summary judgment decision, the court found that the plaintiff set forth a prima facie case of retaliation. Id. at *6. As the court did not expressly address whether defendant provided a legitimate, non-discriminatory reason for the plaintiff's termination or whether the reason was pretextual, the court proceeded to conduct a

10

pretext analysis. Id. The court concluded that while a pretext analysis was "necessary for the sake of completion of [the] ADA/PHRA retaliation analysis," this analysis did not alter the court's conclusion denying summary judgment. Id.

As an initial matter, Judge Stengel's decision is not binding on this Court. As the Supreme Court has stated, "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." Camreta v. Greene, 563 U.S. 692, 709 n.7 (2011) (citation and internal quotation marks omitted). Further, similar to the Third Circuit authority that Defendants cite, in Emmell, Judge Stengel noted that the court found that plaintiff established a prima facie case of retaliation. In this case, however, this Court concluded that there were triable issues underlying Plaintiff's ability to establish a prima facie case of disability discrimination and FMLA retaliation. As a result, Judge Stengel's opinion in Emmell does not demonstrate that this Court's denial of summary judgment on the ADA discrimination and FMLA retaliation claims amounted to "clear error of law" or "manifest injustice," as necessary to warrant reconsideration.

Though this Court concluded that Plaintiff failed to meet his burden of demonstrating pretext on his age discrimination claims, as Defendants note, this conclusion did not obligate this Court to grant summary judgment on Plaintiff's ADA discrimination or FMLA retaliation claims. See 2019 WL 1229778, at *17–18 (concluding that Defendants articulated a legitimate, non-discriminatory reason for Plaintiff's termination by explaining that Plaintiff was terminated for admittedly violating Graybar's Accident and Injury Investigation and Drug Testing Policies on November 4, 2016). As to Plaintiff's ADA discrimination claim, the Court expressly stated that the Opinion "d[id] not address pretext in ruling on the Motion for Summary Judgment" as to Plaintiff's ADA claim. Id. at *12 n.12. After reviewing the parties' ample briefing and letters

11

and considering oral argument, the Court merely noted an inconsistency it recognized in the record evidence before the Court. However, the Court based its denial of summary judgment on triable issues central to Plaintiff's ability to establish a prima facie case of ADA discrimination. Similarly, disputed issues of fact as to Plaintiff's ability to demonstrate that he invoked his right to FMLA-qualifying leave precluded this Court from granting summary judgment on Plaintiff's FMLA retaliation claim.

Contrary to Defendants' position, judges in this Circuit have similarly denied summary judgment where there were genuine disputes pertaining to a plaintiff's ability to establish a prima facie case. See, e.g., Eshelman v. Agere Sys., Inc., No. Civ.A. 03-1814, 2004 WL 2922074, at *6 (E.D. Pa. Dec. 16, 2004) (Pratter, J.) ("[T]here remain some factual disputes with respect to material facts as to whether [the plaintiff] has presented a prima facie case of discrimination under the ADA. The evaluation of these facts is best left to a trier of fact to determine. Summary judgment with respect to [the plaintiff's] ADA claim is, therefore, not appropriate at this time."); Effinger v. Loomis Co., No. CIV.A. 97-5354, 1998 WL 848118, at *1 (E.D. Pa. Dec. 4, 1998) (Buckwalter, J.) (denying summary judgment on the plaintiff's ADA claim where the record contained several disputes of fact "central to [p]laintiff's establishment of a prima facie case" of disability discrimination under the ADA and PHRA).

Further, Defendants fail to present any "new evidence" providing a basis for reconsideration. Defendants contend that Exhibit 27 to O'Kane's deposition transcript, which is attached as an exhibit to the Motion for Reconsideration, demonstrates that the record does not reflect any inconsistencies in the reasons for Plaintiff's termination. However, the Third Circuit has "made clear that 'new evidence,' for reconsideration purposes, does not refer to evidence that a party . . . submits to the court after an adverse ruling. Rather, new evidence in this context

means evidence that a party could not earlier submit to the court because that evidence was not previously available." Bylstone v. Horn, 664 F.3d 397, 415–16 (3d Cir. 2011) (quoting Howard Hess Dental Labs., Inc., 602 F.3d at 252) (internal quotation marks omitted)). Accordingly, "[e]vidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration." Blystone, 664 F.3d at 416 (citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).

Here, as Plaintiff points out, Exhibit 27 to O'Kane's deposition was available prior to the Court's ruling. This document is not "newly discovered," and therefore, it "cannot provide the basis for a successful motion for reconsideration." Blystone, 664 F.3d at 416; see also Broadcast Music, Inc. v. Crocodile Rock Corp., No. 12-4945, 2014 WL 3953182, at *2 (E.D. Pa. Aug. 12, 2014) (Baylson, J.) (concluding that exhibits that were available when the Court issued its order were not proper grounds for reconsideration). As a result, in light of the Court's "interests in finality and conservation of scarce judicial resources," Defendants' Motion for Reconsideration will be denied. Johnson, 2018 WL 1518618, at *2.

### ii. Plaintiff's Motion for Partial Reconsideration–Counts VI and VII

As discussed above, Plaintiff moves for partial reconsideration of the Court's grant of summary judgment on Plaintiff's age discrimination claims–Counts VI and VII–on the grounds that the Court failed to acknowledge all facts in Plaintiff's favor. In making his arguments, Plaintiff similarly reasserts arguments that he previously raised in opposition to the Motion for Summary Judgment both in briefing and during oral argument. Plaintiff does not cite to any evidence that the Court did not consider before issuing its March 15 Opinion. Rather, it appears that Plaintiff merely disagrees with the Court's conclusion. As a motion for reconsideration is not a means for Plaintiff to obtain a proverbial "second bite at the apple," Plaintiff's Motion for

Partial Consideration must be denied. See Bhatnagar, 62 F.3d at 1231; Envtl. Tectonics Corp. v. Walt Disney World Co., No. 05-6412, 2008 WL 2405751, at *2 (E.D. Pa. June 13, 2008) (Stengel, J.) ("While claiming to cite 'factual errors' in the opinion, in reality plaintiff seeks another roll of the dice, which is emphatically not the purpose of a motion for reconsideration.").

## IV. Conclusion

Defendants' Motion for Reconsideration, and Plaintiffs' Motion for Partial Reconsideration, are hereby denied.

An appropriate Order follows.

O:\CIVIL 17\17-3701 Wilson v Graybar Electric\17cv3701 Memorandum re Motions for Reconsideration.docx